# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN P. RICHTER, | CV F   06-1659 OWW DLB HC |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 60(b) |
| v. | |
| DENNIS SMITH, Warden | [Doc. 8] |
| Respondent. | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On February 7, 2007, the Magistrate Judge issued a Findings and Recommendation that recommended the petition be GRANTED and Respondent be ORDERED to consider the appropriateness of transferring Petitioner to a residential re-entry center ("RRC") in light of the factors set forth in 18 U.S.C. §§ 3621(b), not excluding any other factors deemed appropriate by the BOP, without reference to the BOP policy promulgated in December 2002 and without reference to the BOP's February 14, 2005, amendment to 28 C.F.R. § 570.21. The Magistrate Judge recommended Respondent be DIRECTED to make this determination within 60 days of the date of the Court's order. The parties were granted thirty (30) days to file objections to the Findings and Recommendation.

Neither party filed an objection, and the Findings and Recommendation was adopted in full on April 20, 2007, and Respondent was ordered to consider the appropriateness of

transferring Petitioner to an RRC within ninety days from the date of service.  (Court Doc. 7.)

On September 27, 2007, Petitioner filed a motion for relief from judgment pursuant to Federal Rules of Civil Procedure Rule 60(b).  (Court Doc. 8.)  Respondent filed an opposition to Petitioner's motion on September 28, 2007.  (Court Doc. 9.)

On October 1, 2007, Respondent filed a notice of errata to the opposition.  (Court Doc. 10.)  Petitioner filed an opposition on October 11, 2007.  (Court Doc. 11.)

Rule 60(b) states in part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party: (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been revered or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

In his motion, Petitioner states that he was not re-evaluated pursuant to this Court's order, and "the unit-team at Atwater has willfully refused to consider any date for transfer for the Petitioner."  (Motion, at 3.)  Petitioner requests that this Court impose sanctions upon Respondent.  (Id. at 3.)

Respondent submits evidence that Petitioner was re-evaluated on May 17, 2007, and given a 90-120 day Residential Re-entry Center ("RRC") placement to prepare him for his release.  (Attachment 1, items 3, 11, to Opposition.)  Petitioner will be transferred between October 9 and November 8, 2008. (Errata to Opposition.)

In his opposition to Respondent's reply, Petitioner contends that the BOP will not "take into account additional time spent in an RRC to circumvent the winter and the vast distances between California and Alaska."  (Reply, at 2.)

Petitioner has not provided any basis for relief pursuant to Rule 60(b).  To the contrary, Respondent has submitted evidence that Petitioner was re-evaluated on May 17, 2007 in

compliance with the Court's April 20, 2007, order, and Petitioner will be transferred between October 9 and November 8, 2008.  There is simply no authority that the BOP must consider the weather conditions of Alaska in making its determination is not a basis for relief, and Petitioner's claim is unfounded.

Based on the foregoing, it is HEREBY ORDERED that:

1.     Petitioner's motion pursuant to Federal Rule of Civil Procedure, Rule 60(b), is DENIED; and

2.     The Clerk of Court shall enter judgment thereby terminating this action.

IT IS SO ORDERED.

**Dated:    October 30, 2007**          **/s/ Oliver W. Wanger**
                                      UNITED STATES DISTRICT JUDGE